NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

NOV 17 2023

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| CALEY RAE PAVILLARD, an individual, | No. 22-55633 |
| Plaintiff-Appellee, | |
| v. | D.C. No. 2:21-cv-01306-RGK-E |
| IGNITE INTERNATIONAL, LTD., a Wyoming limited company, | MEMORANDUM* |
| Defendant-third-party-plaintiff-Appellant, | |
| v. | |
| JOSH RYAN, DBA Josh Ryan Photography; L.A. MODELS, INC., | |
| Third-party-defendants. | |

Appeal from the United States District Court
for the Central District of California
R. Gary Klausner, District Judge, Presiding

Argued and Submitted October 20, 2023
Pasadena, California

Before: PAEZ and H.A. THOMAS, Circuit Judges, and R. COLLINS,** District

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The Honorable Raner C. Collins, United States District Judge for the

Judge.

Ignite International, Ltd. ("Ignite") appeals the district court's award of attorneys' fees and costs to Caley Rae Pavillard. We have jurisdiction under 28 U.S.C. § 1291. We review an award of attorneys' fees made pursuant to state law for abuse of discretion. *Johnson v. Columbia Props. Anchorage, LP*, 437 F.3d 894, 898 (9th Cir. 2006). We review de novo whether a state statute permits attorneys' fees. *Kona Enters. v. Est. of Bishop*, 229 F.3d 877, 883 (9th Cir. 2000). We affirm.

Ignite argues that Pavillard's action under California Labor Code Section 203 is not one for nonpayment of wages, and therefore cannot give rise to an award of attorneys' fees and costs. We disagree. Plaintiffs are entitled to attorneys' fees and costs in successful "action[s] brought for the nonpayment of wages." Cal. Lab. Code § 218.5. The phrase "action brought for the nonpayment of wages" means an "action brought *on account of* nonpayment of wages." *Kirby v. Immoos Fire Prot., Inc.*, 53 Cal. 4th 1244, 1256, 274 P.3d 1160, 1167 (Cal. 2012). This is because "[t]he words 'nonpayment of wages' . . . refer to an alleged legal violation, not a desired remedy." *Id.* The operative question is therefore what event "triggers a violation" of the California Labor Code. *Id.* at 1257.

Pavillard's suit against Ignite was an action brought under Section 203, which makes employers liable for waiting-time penalties when they willfully fail to

District of Arizona, sitting by designation.

2

pay wages "in accordance with Section[] 201." In her complaint, Pavillard expressly pled a violation of Section 201(a). The event triggering the violation was Ignite's failure to pay Pavillard's wages for the photoshoot. Therefore, the district court did not abuse its discretion when it awarded Pavillard attorneys' fees and costs under Section 218.5.

**AFFIRMED.**